IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IESHA MAZE, <br><br> Plaintiff, <br><br> v. <br><br> PHARMACENTRA, LLC, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:24-cv-04557-TRJ |

## ORDER AND JUDGMENT

This matter is before the Court on a Joint Motion for Settlement Approval. (Doc. 24). Upon review and consideration, the parties' Joint Motion is **GRANTED**.

### BACKGROUND

On October 8, 2024, Plaintiff Iesha Maze, individually and on behalf of all others similarly situated, filed a Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA") against her former employer, Defendant PharmaCentra, LLC ("PharmaCentra"). (Doc. 1). Chrissy Ambos, Tiffany Burt, Candace Hunter, Kenya Jones, and Alecia Pinckney later consented to join this collective action as Plaintiffs. (Doc. 15). Plaintiffs allege PharmaCentra violated the FLSA by failing to pay overtime and maintain required records, and it breached its contracts and/or other agreements with Plaintiffs and other current and former customer service representatives. (Doc. 1). On August 21, 2025, the parties notified the Court that they have reached a settlement of all claims. (Doc. 22). The parties now request that the Court approve the parties' settlement and dismiss Plaintiffs'

claims with prejudice. (Doc. 24).

## DISCUSSION

There are only two ways in which claims arising under the FLSA can be settled. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). First, the Secretary of Labor is permitted to supervise the payment of unpaid wages owed to employees. *Id.* Second, in the context of a private lawsuit brought by an employee against an employer, the parties may "present to the district court a proposed settlement" and "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* (citations omitted).

In requiring a review of settlement agreements, the Eleventh Circuit explained that "FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Id.* at 1352 (citation modified). The Eleventh Circuit has stated:

> Thus, when the parties submit a settlement to the court for approval [in an FLSA suit], the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. But to approve an "agreement" between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA.

*Id.* at 1354 (internal citations omitted). Accordingly, parties may settle a claim if the district court determines it is "a fair and reasonable resolution of a bona fide dispute

over FLSA provisions." *Id.* at 1355. Generally, "if parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable," and courts will "rarely be in a position to competently declare that such a settlement is unreasonable." *Edwards v. Mattress Giant Corp.*, No. 1:10-cv-01735-HLM-WEJ, 2011 WL 13319725, at *1 (N.D. Ga. Dec. 13, 2011) (citation modified).

A court's review of an FLSA settlement to ensure fairness and reasonableness "implicates both the rights of the settling employee and the interests of the public at large." *Gamble v. Air Serv Corp.*, 247 F. Supp. 3d 1302, 1305 (N.D. Ga. 2017) (citation modified). Thus, courts in this district often apply a two-step approach when reviewing FLSA settlement agreements:

> First, the court should consider whether the compromise is fair and reasonable to the *employee* (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates *implementation* of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citation modified) (emphasis in original); *Warner v. Complete Cash Holdings, LLC*, No. 4:10-cv-00021-HLM, 2011 WL 13161934, at *2 (N.D. Ga. Mar. 24, 2011).

The Court has reviewed the Joint Motion for Settlement Approval and the attached settlement agreements signed by the parties. The Court finds that there was a *bona fide* dispute over FLSA provisions and that the terms of the settlement agreements are fair and reasonable to Plaintiffs, as well as consistent with the purposes and implementation of the FLSA. Importantly, all parties—including all six

3

individual Plaintiffs—were represented by counsel during the entirety of the settlement discussions. The settlements were fairly and honestly negotiated by counsel that are highly experienced with FLSA matters, and who agree that the settlements in this case are fair and reasonable. Each Plaintiff reviewed the settlement terms and amounts with their counsel and agreed to those terms. And because resolution of this action results in payment of unpaid wages, it furthers implementation of the FLSA in the workplace.

## CONCLUSION

Accordingly, the parties' Joint Motion for Settlement Approval (Doc. 24) is **GRANTED**. **IT IS HEREBY ORDERED AND ADJUDGED** that the settlement agreements (Doc. 24-2) are **APPROVED**, and Plaintiffs' claims are **DISMISSED** with prejudice. The Clerk is **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 12th day of September, 2025.

_____
TIFFANY R. JOHNSON
United States District Judge